POLLARD & HOPKINS *vs.* PARISH et ux.

The act of 1842, (Hutch. Code, 705, art. 17,) providing for appeals from the decisions of justices of the peace to the circuit courts, repealed the prior act authorizing an appeal to a jury of five men.

After a judgment by a magistrate in favor of the defendants, the plaintiffs appealed to a jury of five, from whose verdict against them they appealed to the circuit court. *Held*, that the original judgment of the magistrate, not having been appealed from within the five days allowed for that purpose, was still in full force, and that the circuit court had no jurisdiction of the appeal from the jury of five.

In error from the circuit court of Hinds county ; Hon. George Coalter, judge.

The opinion of the court contains a sufficient statement of the facts of the case.

*S. Tifft*, for plaintiff in error.

*A. R. Johnson*, for defendant in error.

Mr. Justice FISHER delivered the opinion of the court.

On the 28th of February, 1849, the plaintiffs in error sued the defendants before a justice of the peace of Hinds county, upon a promissory note, made by Mrs. Parish, then Mrs. Marsh, for $48.06. Judgment was rendered by the justice for the defendants. An appeal was taken by the plaintiffs to a jury of five men who rendered a verdict for the defendants; from which an appeal was prosecuted to the circuit court of Hinds county.

Under this statement of the case we deem it wholly unnecessary to examine any of the points made by counsel on either side. There is another question suggesting itself, which will dispose of the case.

The Act of 1842, Hutch Code, 705, prescribes the mode by which an appeal may be taken by a party aggrieved by the

judgment of a justice of the peace, as well as the court to which the appeal must be taken. The statute further provides, that all acts conflicting with said act are repealed. The statute authorizing an appeal to a jury of five men, conflicts with the statute of 1842, requiring the appeal to be taken to the circuit court, and is therefore repealed. No appeal having been prosecuted from the judgment of the justice within five days to the circuit court, it follows that the judgment is still in full force. The circuit court had no jurisdiction of the appeal from the verdict of the jury.

The judgment is therefore affirmed.